# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RANDALL L. WILSON,**
**Claimant Below, Petitioner**

vs.)    No. 12-0071   (BOR Appeal No. 2046238)
              (Claim No. 2006012068)

**S I MCALLISTER CONSTRUCTION COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Randall L. Wilson, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. S I McAllister Construction Company, Inc., by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2011, in which the Board affirmed an August 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 21, 2009, decision, which denied Mr. Wilson's application for reopening of the claim on a temporary total disability basis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wilson was a construction worker for S I McAllister Construction Company, Inc. On September 29, 2005, Mr. Wilson was injured when a piece of concrete wall gave way and fell on his right leg and foot. His claim was held compensable for several conditions including crushing of his right ankle and foot. Mr. Wilson received various treatments based on this claim. He was then examined by Dr. Mukkamala. Although Mr. Wilson continued to experience aches and swelling in his right foot, Dr. Mukkamala found that he had reached the maximum degree of medical improvement. Mr. Wilson was also evaluated by Dr. Kim who found that he had reached

1

the maximum degree of medical improvement. Dr. Mukkamala performed a second evaluation of Mr. Wilson, on May 18, 2007, and repeated his previous conclusion that Mr. Wilson had reached the maximum degree of medical improvement with respect to his compensable injury. But Dr. Mukkamala noted in his evaluation that Mr. Wilson complained of low back pain which Mr. Wilson had experienced dating back to 2000, prior to the compensable injury. On July 4, 2007, based on Dr. Mukkamala's second report, the claims administrator closed Mr. Wilson's claim for temporary total disability benefits. Two years later, Mr. Wilson submitted an application to reopen his claim based on left knee, low back, and joint pain. In support of his reopening, Mr. Wilson included in the application notes from Dr. Mehta, his treating physician, indicating that Mr. Wilson continued to experience chronic pain in his foot and ankle. Dr. Mehta's notes also indicate that Mr. Wilson was temporarily and totally disabled because of his compensable injury. The claims administrator denied the application for reopening for additional temporary total disability benefits on December 21, 2009. Following this denial, Dr. Mehta wrote a letter stating that Mr. Wilson was temporarily and totally disabled and had been since November 2, 2009. On August 8, 2011, the Office of Judges affirmed the December 21, 2009, claims administrator decision. The Board of Review then affirmed the Order of the Office of Judges on December 21, 2011, leading Mr. Wilson to appeal.

The Office of Judges concluded that Mr. Wilson failed to show a prima facie cause for reopening his claim for additional temporary total disability benefits. The Office of Judges found that the treatment notes of Dr. Mehta, indicating that Mr. Wilson was suffering left knee pain and low back pain, did not establish that he was entitled to additional temporary total disability benefits because the evidence did not establish a causal connection between the compensable injury and Mr. Wilson's current conditions. The Office of Judges pointed out that Dr. Mukkamala's May 17, 2007, report had addressed Mr. Wilson's low back pain and had found that it pre-existed the compensable injury. The Office of Judges also found that Mr. Wilson's complaints of ankle pain did not entitle him to a reopening of his claim on a temporary total disability basis. The Office of Judges recognized that Dr. Mukkamala had noted in his first report that Mr. Wilson still experienced aches and swelling in his foot. The Office of Judges found that there was no evidence that Mr. Wilson's current ankle pain was different from the pain that he experienced at the time he was found to have reached the maximum degree of medical improvement. Based on these findings the Office of Judges determined that there was no reliable evidence that Mr. Wilson had sustained a progression or worsening of his compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review. Mr. Wilson has not shown that there is cause to reopen his claim. Mr. Wilson has not presented any evidence that tends to justify an inference that there has been a progression or aggravation of his compensable injury. West Virginia Code § 23-5-3 (2009). Mr. Wilson's back and left leg pain is not related to his September 29, 2005, injury and is not a basis for reopening his claim for additional temporary total disability benefits. Mr. Wilson's right ankle pain is also not a basis for reopening the claim because there is nothing in the evidence that demonstrates that this current pain is different or worse than the aches and swelling noted by Dr. Mukkamala at the time Mr. Wilson was determined to have reached the maximum degree of medical improvement.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II